FILED

JUN 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REGINALD BELL, Sr.,

              Petitioner - Appellant,

  v.

DEPARTMENT OF SOCIAL AND
HEALTH SERVICES; TERESA
FARROW; DUANE MINNIS; SWEDISH
MEDICAL CENTER; JULIE WALTERS,

              Respondents - Appellees.

No. 07-35658

D.C. No. CV-07-00072-JCC

MEMORANDUM [*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 4, 2010 [**]

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Reginald Bell, Sr. appeals the district court's dismissal of his action under

28 U.S.C. § 2241, challenging the constitutionality of the state's termination of his

parental rights and the placement of his children in foster facilities. We affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court correctly ruled it lacked jurisdiction to adjudicate Bell's claims. There is no federal habeas jurisdiction "to challenge the constitutionality of a state statute under which a State has obtained custody of children and terminated involuntarily the parental rights of their natural parent." *See Lehman v. Lycoming County Children's Servs.*, 458 U.S. 502, 507 (1982).

Moreover, we agree with the district court that even if there is jurisdiction, abstention would be appropriate. The court properly rejected Bell's argument that state officials acted in bad faith and therefore the "extraordinary circumstances" exception of *Younger v. Harris,* 401 U.S. 37, 45 (1971), should apply. Bell's vague allegations that his children were placed in foster care "as retribution for his past criminal acts" are not sufficient to make a credible showing of bad faith.

**AFFIRMED**.